### Simon Kostellic, Administrator, Appellant, v. Sydney Whitaker, Appellee.

**Gen. No. 6,023.    (Not to be reported in full.)**

Appeal from the Circuit Court of Putnam county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 9, 1915.

### Statement of the Case.

Action brought by Simon Kostellic, as administrator of the estate of Frank Kostellic, deceased, against Sydney Whitaker to recover for the death of the intestate. There was a judgment for the defendant, and the plaintiff appeals.

The deceased, a boy about thirteen years of age, was killed by coming in contact with an electric light wire lying on or near a sidewalk, in the village of Granville,

in Putnam county. The wire was a part of an electric light system owned and operated by the defendant. On the evening before the accident a storm broke off a portion of a tree the upper part of which fell over and upon the wires, and about seven o'clock the next morning the wires gave way and the tree fell over and upon the sidewalk, leaving the wires hanging from the poles and reaching to and upon the ground. One person living in the vicinity noticed the position of the wires at the time they broke, but did not notify any one of their condition.

The deceased was last seen alive when returning from an errand for his parents, about 11:30 in the morning, going towards the sidewalk on which the tree was lying and about half a block from it. He was next found lying near the tree dead, with one wire under him and another lying, on his breast, spitting fire, with his clothing on fire. There were no eyewitnesses. The engineer in charge of the electric power plant testified that about seven o'clock he felt a jerk or jolt in the machinery, and believing that there was something unusual on the line, made tests with the appliances at hand for that purpose, but found no evidence that any wires were grounded, and that he paid no further attention to the matter until informed of the accident a few minutes after it happened; that the appliance used by him was known as a "plug-in circuit breaker." There was testimony given by several experts in electrical matters that the use of such an appliance was of no avail to determine whether there was a broken wire, unless used at the very instant the wire fell, or unless it remained on the ground so as to make a complete circuit; but that had there been a "static ground detector" or an "automatic circuit breaker" in use upon the switchboard of the plant, the current would have been automatically shut off the instant the wires parted. A static ground detector was in the plant at the time of the accident but had not yet been installed.

TRACY & TRACY and CLARENCE W. HEYL, for appellant.

GEORGE W. HUNT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. ELECTRICITY, § 28*—*when negligence in equipment or operation of light plant question for jury.* It is for the jury to determine whether there was negligence in equipping or operating an electric lighting plant, or in failing to take steps to ascertain whether any accident had happened to its wires after an engineer observed unusual movements of the machinery several hours before a person was killed by electricity from a broken wire hanging in a street.

2. INSTRUCTIONS, § 85*—*instruction requiring proof of allegations of every count of declaration.* An instruction that separate and distinct counts of a declaration setting up different grounds of action must be treated as separate, distinct and sole causes of action and must be so established by the plaintiff by the greater weight of all the evidence before the jury can find in his favor under either of the counts, *held* erroneous.

3. ELECTRICITY, § 29*—*sufficiency of instruction in action for death caused by coming into a contact with broken wire.* An instruction in an action for the death of a person by coming in contact with a charged broken electric light wire hanging in a street, that there could be no recovery if the defendant's machinery at its plant was equipped with approved and modern appliances in good repair, to prevent and detect the escape of electricity from its wires, and its machinery was properly and carefully managed, *held* erroneous as excluding from the consideration of the jury the question whether it was negligent in not detecting several hours before the accident, the breaking of the wire, and repairing it.

4. ELECTRICITY, § 29*—*instruction as to degree of care in use of electricity.* An instruction in an action for the death of a person by coming into contact with a charged, broken electric light wire hanging in a street, that it was sufficient if the defendant used a high degree of diligence in equipping its machinery with standard appliances, devices and apparatus generally recognized as effective for detecting the condition of the repair of its wires, *held* erroneous,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

because ignoring evidence tending to show that the defendant failed to maintain such appliances in good condition and to operate them in a careful and skilful manner.

5. ELECTRICITY, § 28*—*when question of negligence in failing to discover broken wire is for jury.* The question of the negligence of the defendant *held* for the jury, in an action for the death of a person by coming into contact with a charged, broken electric light wire hanging in a street, where the evidence tended to show that the engineer of the plant noticed something wrong with the machinery which led him to believe that there might be a broken wire, but which the use of the apparatus at hand failed to detect, and he made no further effort to discover the condition of the wires until several hours after the accident.

NIEHAUS, J., took no part in this decision.